IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID C. LETTIERI,

            Plaintiff,

    v.                                                                CASE NO. 25-3100-JWL

FEDERAL MEDICAL DEVENS, et al.,

            Defendants.

## MEMORANDUM AND ORDER

Plaintiff David C. Lettieri filed this pro se civil rights action seeking relief from federal officials. Neither Plaintiff's complaint (Doc. 1) nor his motion for leave to proceed in forma pauperis[1] (Doc. 2) was on the required form and he failed to submit the required certified copy of his inmate trust fund account statement to support his motion for leave to proceed in forma pauperis. Thus, on May 27, 2025, the Court issued a notice of deficiency (NOD) informing Plaintiff that he was required to correct the deficiencies within 30 days. (Doc. 3.) The NOD advised Plaintiff that if he "fail[ed] to comply within the prescribed time, . . . this action may be dismissed without further notice for failure to comply with this court order." *Id.* at 2. The Court received nothing further from Plaintiff, so on July 14, 2025, the Court dismissed this matter under Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with a court order. (Doc. 4.)

This matter comes now before the Court on Plaintiff's motion to reopen (Doc. 6) and his motion for leave to proceed in forma pauperis (Doc. 7), both of which were received by the Court on August 7, 2025. The motion to reopen this case seeks to do so "on grounds of the paperwork being sent." (Doc. 6, p. 1.) Plaintiff explains that he was "in the hole" for two months and had no

---

[1] "In forma pauperis" simply means without prepayment of the filing fees.

1

access to legal supplies. *Id.* Plaintiff also generally alleges that the prison mailroom staff "tend[] to deny mail." *Id.* He further notes that mail from this Court was stamped by prison mailroom staff as "not legal mail." *Id.* at 1-2. To the motion to reopen, Plaintiff has attached a complaint on the required, court-approved form and a motion for leave to proceed in forma pauperis, also on the required, court-approved form. (Docs. 6-1 and 7.)

Yet Plaintiff has not provided "a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in [his] institutional accounts. *See* 28 U.S.C. § 1915(a)(2)." (*See* Doc. 7, p. 2.) In addition to the quoted language, which is in the required, court-approved form for motions to proceed in forma pauperis, Plaintiff was twice previously informed by this Court that this account statement is required. (*See* Doc. 3, p. 1; Doc. 4, p. 1.) Therefore, even considering the current submissions, Plaintiff has not complied with the NOD.

Plaintiff does not identify the legal authority under which he asks for this case to be reopened. The Court may grant a motion to amend judgment under Federal Rule of Civil Procedure 59(e) if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 294 F.3d 1005, 1012 (10th Cir. 2000); *see also* D. Kan. Rule 7.3 (setting forth similar standards for motion to reconsider). Additionally, Federal Rule of Civil Procedure 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> **(1)** mistake, inadvertence, surprise, or excusable neglect;

**(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

**(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

**(4)** the judgment is void;

**(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

**(6)** any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Even liberally construing the pro se motions now before the Court, Plaintiff has failed to show a reason that justifies the Court reopening this case under either Rule 59(e) or Rule 60(b). Therefore, the motion to reopen will be denied and the motion to proceed without prepayment of fees will be denied as moot. This case will remain closed.

**IT IS THEREFORE ORDERED** that the motion to reopen (Doc. 6) is denied. The motion for leave to proceed in forma pauperis (Doc. 7) is therefore denied as moot. This matter shall remain closed.

**IT IS SO ORDERED.**

DATED:   This 11th day of August, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge

3